Slip Op. 12-78

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JINAN YIPIN CORPORATION, LTD.** and **SHANDONG HEZE INTERNATIONAL TRADE AND DEVELOPING COMPANY**,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**UNITED STATES**,<br><br>　　　　　　　Defendant. | **Before: Timothy C. Stanceu, Judge**<br><br>**Consol. Court No. 04-00240** |

### OPINION

[Sustaining a remand redetermination in an administrative review of an antidumping duty order]

Date: June 5, 2012

　　*Mark E. Pardo*, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of Washington, DC, for plaintiff Jinan Yipin Corporation, Ltd.

　　*Richard P. Schroeder*, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Reginald T. Blades, Jr.*, Assistant Director. Of counsel on the brief was *George Kivork*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

　　Stanceu, Judge: This case arose from the final determination ("Final Results") that the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") issued to conclude an administrative review of an antidumping duty order on fresh garlic from the People's Republic of China. *Fresh Garlic From the People's Republic of China: Final Results of Antidumping Duty Admin. Review & New Shipper Reviews*, 69 Fed. Reg.

33,626 (June 16, 2004) ("*Final Results*"). Before the court is the Department's third redetermination ("Third Remand Redetermination"). *Final Results of Third Redetermination Pursuant to Remand* (Sept. 7, 2011), ECF No. 125. In the Third Remand Redetermination, Commerce redetermined a surrogate value for the labor expenses of plaintiff Jinan Yipin Corporation, Ltd. ("Jinan Yipin"), a Chinese garlic producer and exporter, following a decision of the U.S. Court of Appeals for the Federal Circuit ("Court of Appeals") holding contrary to law the regulation, 19 C.F.R. § 351.408(c)(3) (2004), upon which the Department determined a surrogate value for Jinan Yipin's labor cost in the Final Results. *Dorbest Ltd. v. United States*, 604 F.3d 1363 (Fed. Cir. 2010). Plaintiff concurs in the redetermined surrogate value. The court sustains the Third Remand Redetermination and will enter judgment concluding this case.

## I. BACKGROUND

The background of this litigation is discussed in the court's prior opinions. Additional background is presented briefly below.

Commerce issued the Final Results on June 16, 2004, *Final Results*, 69 Fed. Reg. at 33,626, in which, applying 19 C.F.R. § 351.408(c)(3), it determined a surrogate value of $0.90 per hour for Jinan Yipin's labor cost. *Third Remand Redetermination* 1. The complaint filed by Jinan Yipin did not challenge the surrogate value for labor cost. Compl. (July 19, 2004), ECF No. 9.

On June 30, 2010, plaintiff moved for leave to amend its complaint to add a claim that the surrogate value for labor determined in the Final Results was contrary to law. Jinan Yipin's Partial Consent Mot. for Leave to File an Amended Compl. (June 30, 2010), ECF No. 112. The court granted this motion on July 20, 2010. Order (July 20, 2010), ECF No. 115; Amended Compl. (July 20, 2010), ECF No. 116. At that point, Commerce had filed the second remand

redetermination ("Second Remand Redetermination").  *Final Results of Redetermination Pursuant to Ct. Remand Order* (Feb. 25, 2010), ECF No. 103 ("*Second Remand Redetermination*").  On August 6, 2010, defendant requested a voluntary remand to allow Commerce to redetermine a surrogate value for Jinan Yipin's labor expenses.  Def.'s Resp. to Jinan Yipin's Remand Comments 16-17 (Aug. 6, 2010), ECF No. 117.  On April 12, 2011, the court granted that request and affirmed all other aspects of the Second Remand Redetermination.  *Jinan Yipin Corp. v. United States*, 35 CIT __, __, 774 F. Supp. 2d 1238, 1250 (2011).

On September 7, 2011, Commerce filed the Third Remand Redetermination.  On October 12, 2011, plaintiff informed the court that it did not object to the Department's redetermined surrogate value for labor.  Jinan Yipin's Comments Regarding the Department's Third Remand Redetermination (Oct. 12, 2011), ECF No. 128.

## II. DISCUSSION

The court exercises subject matter jurisdiction under section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(c) (2006).  The court must hold unlawful any determination, finding, or conclusion found to be unsupported by substantial evidence on the record or otherwise not in accordance with law. Tariff Act of 1930 ("Tariff Act"), § 516A, 19 U.S.C. § 1516a(b)(1)(B)(i) (2006).

For a Chinese producer such as Jinan Yipin, Commerce values labor expenses as a factor of production according to section 773 of the Tariff Act, 19 U.S.C. § 1677b(c)(3).  Commerce must value factors of production using, "to the extent possible, the prices or costs of factors of production in one or more market economy countries that are . . . at a level of economic development comparable to that of the nonmarket economy country, and . . . significant producers of comparable merchandise." 19 U.S.C. § 1677b(c)(4).  For the Final Results,

Commerce determined a surrogate value for Jinan Yipin's labor expenses according to the then-governing regulation, 19 C.F.R. § 351.408(c)(3), which required Commerce to use "regression-based wage rates reflective of the observed relationship between wages and national income in market economy countries." *Id.*; *Third Remand Redetermination* 1-2. *Dorbest* concluded that this regulation was inconsistent with the requirement in § 1677b(c)(4) that surrogate values be based, to the extent possible, on data from countries that are at a level of economic development comparable to that of the non-market economy country and that are significant producers of comparable merchandise. *Dorbest*, 604 F.3d at 1371-72.

The Third Remand Redetermination abandoned the regression-based methodology and valued Jinan Yipin's labor expenses using certain "industry-specific labor cost data from India that was available during the conduct of the underlying administrative review . . . ." *Third Remand Redetermination* 5. These data, which Commerce added to the administrative record, consisted of "Chapter 6A" industry-specific data produced by the International Labour Organization for 2002 that pertain to the labor costs associated with the processing of fruits and vegetables. *Id.* at 5-7. Using these data, the Third Remand Redetermination redetermined a dumping margin of 1.77% for Jinan Yipin. *Id.* at 10.

### III. CONCLUSION

After considering all submissions in this case and upon due deliberation, the court sustains the Third Remand Redetermination. Judgment will enter accordingly.

    /s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: June 5, 2012
      New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JINAN YIPIN CORPORATION, LTD.** and **SHANDONG HEZE INTERNATIONAL TRADE AND DEVELOPING COMPANY**,<br><br>        Plaintiffs,<br><br>        v.<br><br>**UNITED STATES**,<br><br>        Defendant. | Before: Timothy C. Stanceu, Judge<br><br>Consol. Court No. 04-00240 |

## **JUDGMENT**

Upon considering the *Final Results of Third Redetermination Pursuant to Remand* (Sept. 7, 2011), ECF No. 125 ("Third Remand Redetermination"), and all other submissions in this action, upon due deliberation, and in accordance with the court's opinion issued this date, it is hereby

    **ORDERED** that the Third Remand Redetermination be, and hereby is, sustained.

                                            /s/ Timothy C. Stanceu  
                                            Timothy C. Stanceu  
                                            Judge

Dated: June 5, 2012  
       New York, New York